MANN WYATT TANKSLEY
201 E 1st Ave.
Hutchinson, KS 67501
(620) 662-2400
(620) 662-2443 (Fax)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENNETH WIENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| FARM BUREAU FINANCIAL SERVICES, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

In support of this Complaint, Plaintiff Kenneth Wiens alleges, and states as follows:

### Parties, jurisdiction, and venue

1. Plaintiff Kenneth Wiens ("Plaintiff") is a resident and citizen of the Lyons, Rice County, Kansas.

2. Defendant Farm Bureau Financial Services ("Defendant" or "Farm Bureau") is an Iowa corporation and an insurance company that conducts business in the State of Kansas. Under K.S.A. § 40-218 and K.S.A. § 60-304(g), Farm Bureau may be served with process through Vicki Schmidt, the Commissioner of Insurance for the State of Kansas, Attn.: Legal Division, 1300 SW Arrowhead Road, Topeka, KS 66604-4073, along with a service fee of $25.00. Farm Bureau has 40 days to answer this Complaint.

3. The Court has personal jurisdiction over Plaintiff under K.S.A. 60-308(b)(1)(A) and (C).

4. Farm Bureau transacts business in Kansas and enters into insurance contracts with residents of the State of Kansas, so this Court has personal jurisdiction over Defendant under K.S.A. 60-308(b)(1)(A), (D), and (F).

5. This Court has subject matter jurisdiction over the cause of action and personal jurisdiction over the parties' given their diversity of citizenship and the fact that the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a).

6. Venue is proper in this Court under 28 U.S.C. § 1391(c) as Defendant is subject to personal jurisdiction in the state of Kansas. The exercise of which comports with the Due Process Clause of the 14th Amendment to the United States Constitution.

## The insurance policy

7. At all times relevant, to include the date of the Plaintiff's motor vehicle accident, Defendant had issued a Commercial Auto insurance policy, identified as Policy Number 7572983, and will be referred to in this Complaint as the "Farm Bureau Policy."

8. At all times relevant, to include the date of the Plaintiff's motor vehicle accident, Plaintiff was an insured as defined under the Farm Bureau Policy and living in Lyons, Rice County, Kansas.

9. The Farm Bureau Policy provided uninsured motorist ("UM") and underinsured motorist ("UIM") coverage of $2,000,000.00 for Plaintiff, as an insured, if he were to sustain bodily injury by accident, and legally entitled to recover compensatory damages from the owner or driver of an underinsured motor vehicle.

10. At all times relevant, the Farm Bureau Policy was in effect.

**Plaintiff's motor vehicle collision**

11. On October 11, 2019, in Gainesville, Cook County, Texas, at about 1:57 p.m., Plaintiff was stopped on IH 35 southbound in the left lane behind backed up traffic that was stopped due to a crash ahead.

12. At that same time, another vehicle, driven by Keith Cundiff ("Cundiff") was traveling southbound on IH 35 in the left lane approaching Plaintiff's vehicle from the rear.

13. Cundiff failed to stop his vehicle, and crashed into the back of Plaintiff's vehicle.

14. Due to the impact of the collision, Plaintiff spun into the center median and came to rest facing west.

15. Cundiff failed to keep a look out for other vehicles and stopped traffic, and drove directly into the rear of Plaintiff's vehicle.

16. Cundiff was negligent and 100% at fault for the collision with respect to the following actions and/or inactions:

   a. Failing to maintain a proper lookout;

   b. Failing to either slow or stop his vehicle to avoid an accident; and/or

   c. Failing to use reasonable and ordinary care to keep his vehicle under proper control.

17. As a result of the collision, Plaintiff suffered severe bodily injury causing significant ongoing pain, physical limitation, and requiring future medical treatment to address his injuries.

18. Since the collision, Plaintiff has had a limited ability to perform day-to-day activities, has suffered past wage and business profit loss, and will likely suffer future wage and business profit loss.

19. As a result of the collision, Plaintiff has incurred medical bills and will need future medical care and services to address his injuries and disabilities.

20. As a direct and proximate result of the collision and Cundiff's negligent acts, Plaintiff has sustained personal injuries that are permanent in nature and damages in excess of $75,000.00.

### Liability settlement and underinsured motorist claim

21. Cundiff's motor vehicle insurance company (Texas Farm Bureau) offered to pay Plaintiff its policy limits ($30,000.00) under its liability policy.

22. After receiving the policy limits offer from Cundiff's insurance carrier, Plaintiff gave the requisite notice under K.S.A. § 40-284(f) to Defendant advising of the right to substitute payment. This notice was given by certified letter, dated August 16, 2021. Defendants did not substitute payment, and by letter dated October 5, 2021, Defendant waived its subrogation rights and granted Plaintiff permission to accept Texas Farm Bureau's policy limit offer and release Cundiff from all claims.

23. On July 13, 2022, Plaintiff provided Defendant notice of his injuries due to the accident.

24. Defendant has failed, neglected, and/or refused, without just cause, to pay UIM benefits due and owed under the Farm Bureau Policy.

25. On information and belief, the Farm Bureau Policy protects property against loss by fire, tornado, lightning, or hail. Therefore, under K.S.A. 40-908, Defendant will be obligated to pay Plaintiff's attorneys fees if a judgment is rendered in Plaintiff's favor.

## Prayer for relief and demand for jury trial

26. Plaintiff incorporates all of the preceding paragraphs by reference as though fully restated here.

27. Plaintiff Kenneth Wiens prays for judgment in this action in his favor and against Defendant Farm Bureau Financial in an amount in excess of $75,000.00; for enforcement of the Farm Bureau Policy; for past medical expenses; future medical expenses; past and future lost services and disability; past and future wage and business profit loss; for non-economic damages; including but not limited to past and future pain, suffering, and disability; for additional incidental and consequential damages that Plaintiff may have or will incur; for pre- and post-judgment interest at the statutory rate until paid in full; for attorneys' fees; for costs of this action; and for whatever other relief this Court deems just and proper.

28. Plaintiff Kenneth Wiens respectfully requests a trial by a jury of all issues herein joined.

Respectfully submitted,

*s/ Scott J. Mann*
Scott J. Mann  (#12640)
Michael J. Wyatt (#23260)
MANN WYATT & TANKSLEY, LLC
201 E. 1st Ave.
Hutchinson, KS 67504-1202
(620) 662-2400
(620) 662-2443 (Fax)
Scott@mannwyatt.com

*Attorneys for Plaintiff Kenneth Wiens*